IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TONIA ACKERMAN, and DENNIS ACKERMAN, <br><br> Plaintiffs, <br><br> vs. <br><br> U-PARK, INC., <br><br> Defendant. | 8:17CV209 <br><br> **ORDER** |

This matter is before the Court on Plaintiffs' Motion for Leave to Amend Complaint. (Filing No. 63.) Defendant filed its Brief Opposing Plaintiffs' Motion for Leave to Amend Complaint (Filing No. 64) on February 13, 2019. Plaintiffs did not file a reply brief. For the reasons explained below, Plaintiffs' motion will be denied.

**BACKGROUND**

The Complaint in this case alleges that Plaintiff Tonia Ackerman ("Ms. Ackerman") was injured as a result of the negligent maintenance of a U-Park parking lot. The parties submitted their Rule 26(f) Report on October 17, 2017 (Filing No. 10), indicating that they did not anticipate adding parties or amending pleadings. Therefore, a deadline for filing amended pleadings was not included in the Court's Initial Progression Order (Filing No. 11).

On January 22, 2018, Plaintiffs served an interrogatory upon Defendant inquiring whether Defendant owned or leased the parking lot at issue. Defendant responded to the interrogatory on April 3, 2018, stating only that it operated and maintained the property at the time of Ms. Ackerman's injury.

On May 17, 2018, Plaintiffs deposed Joseph Schmitt ("Schmitt"), Defendant's designee and person purportedly in charge of parking lot maintenance. Schmitt testified that Defendant leased the parking lot from an entity known as 555 N 13, LLC.

Defendant supplemented its response to the earlier interrogatory on June 18, 2018, stating that Defendant rented the property where Ms. Ackerman fell. Defendant also supplied Plaintiffs with a copy of the lease agreement. The lease was entered into between OMF, LLC and Defendant. Plaintiffs contend that Schmitt owns both OMF, LLC and 555 N 13, LLC.

Defendant filed a motion for summary judgment on December 14, 2018. ([Filing No. 51](#).) Plaintiffs filed the instant motion for leave to amend on February 4, 2019. The pretrial conference is scheduled for April 22, 2019, and trial is scheduled to commence May 13, 2019. ([Filing No. 44](#).)

## DISCUSSION

Plaintiffs want to amend their Complaint to add OMF, LLC and 555 N 13, LLC as defendants. Plaintiffs also want to include additional factual allegations to "clarify the cause of action." ([Filing No. 63 at CM/ECF p. 2](#).)

Under Federal Rule of Civil Procedure 15, the Court should "freely give leave" to amend a pleading "when justice so requires." [Fed. R. Civ. P. 15](#). Nevertheless, a party does not have an absolute right to amend and "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." [*Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008)](#) (quotation and citation omitted). Also, "[i]f a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule." [*Popoalii v. Corr. Med. Servs*, 512 F.3d 488, 497 (8th Cir. 2008)](#). Whether to grant a motion for leave to amend is within the sound discretion of the district court. [*Id*](#).

Plaintiffs' motion for leave to amend will be denied. The parties submitted their Rule 26(f) Report on October 17, 2017 ([Filing No. 10](#)), indicating that they did not anticipate adding parties or amending pleadings. Plaintiffs now maintain that amendment is warranted because new information was gained during discovery. However, Plaintiffs learned this additional information, at the very latest, in June, 2018. Plaintiffs waited nearly eight months to file a motion amend. By

2

that time, Defendant had filed a motion for summary judgment. Thus, allowing amendment at this point would prejudice Defendant. Moreover, the pretrial conference is scheduled for April 22, 2019, and trial is scheduled to commence May 13, 2019. Adding additional parties at this late juncture would also unnecessarily delay resolution of this litigation.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Leave to Amend Complaint ([Filing No. 63](#)) is denied.

Dated this 13th day of March, 2019.

BY THE COURT:

s/ Susan M. Bazis  
United States Magistrate Judge